

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-1-2009

# USA v. Ely Baynor

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3037

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Ely Baynor" (2009). *2009 Decisions.* Paper 1089.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1089

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3037
_____

UNITED STATES OF AMERICA

v.

ELY L. BAYNOR,

Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 06-cr-00031-001)
District Judge:  Honorable Sean J. McLaughlin

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 1, 2009

Before:  FISHER and CHAGARES, *Circuit Judges*, and DIAMOND,* *District Judge*.

(Filed: July 01, 2009 )
_____

OPINION OF THE COURT
_____

_____

*Honorable Paul S. Diamond, United States District Judge for the Eastern District
of Pennsylvania, sitting by designation.

FISHER, *Circuit Judge*.

Ely Baynor pleaded guilty to one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1), for which he was sentenced to thirty-three months of imprisonment. On appeal, Baynor challenges the District Court's application of a sentencing enhancement and the overall reasonableness of his sentence. For the reasons set forth below, we will affirm.

I.

We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

The circumstances giving rise to Baynor's conviction stemmed from a Pennsylvania state law enforcement investigation relating to a missing wallet. The investigation led the police to Baynor's residence where they executed a search warrant for the missing wallet and its contents. During the search, the police discovered the wallet, a separate envelope containing the contents of the wallet, and a loaded .38 caliber pistol. Baynor was subsequently charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

Baynor moved to suppress the firearm, arguing that the police officers located the gun after they had already recovered the wallet and its contents and thereby exceeded the scope of the search warrant. In contrast to Baynor's testimony on the issue, the officers

2

testified that the wallet and gun were located almost simultaneously and that the contents of the wallet were obtained last. In reference to Baynor's testimony, the District Court stated: "I do not credit that testimony and I do not find it credible." The District Court denied the motion to suppress, finding that "the wallet, that is to say the empty wallet, and the handgun were essentially seized and located at the same time. And that the contents of the wallet were seized subsequent thereto." Following the denial of his motion to suppress, Baynor entered an open guilty plea to the firearm charge.

In calculating Baynor's Guidelines sentence, the District Court determined that a two-level enhancement for willful obstruction of justice applied pursuant to U.S.S.G. § 3C1.1 because of Baynor's testimony at the suppression hearing as it pertained to the sequence of events during the search of his apartment. The District Court explained: "I've considered the demeanor of the witness as he testified, the context in which he testified, and it is my view that his testimony on this particular point was both material, and in so testifying, he did so with the willful intent to provide false testimony." In addition to applying this two-level enhancement, the District Court also applied a two-level reduction for Baynor's acceptance of responsibility. Thus Baynor's total offense level was twenty, his criminal history category was III, and his corresponding Guidelines range was forty-one to fifty-one months of imprisonment.

Baynor preserved his objection to the obstruction of justice enhancement and also argued for a downward variance from the Guidelines sentence because of his poor health.

3

In particular, Baynor argued that his end-stage renal failure, for which he received dialysis three times a week, justified a variance from a term of imprisonment to probation with home confinement so that he could continue to receive medical treatment from his same providers. Although the District Court determined that home confinement was not appropriate in light of Baynor's significant criminal history, it nevertheless granted a variance from the Guidelines range and imposed a thirty-three month term of imprisonment in recognition of Baynor's "serious medical health issues." Baynor timely appealed from his judgment of sentence.

## II.

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231 and we have jurisdiction to review the District Court's judgment of sentence pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We review sentences for both procedural and substantive reasonableness under an abuse of discretion standard pursuant to *Gall v. United States*, 128 S. Ct. 586, 597 (2007). To this end, "[w]e must first ensure that the district court committed no significant procedural error in arriving at its decision" and, if it has not, "we then review the substantive reasonableness of the sentence." *United States v. Wise*, 515 F.3d 207, 217-18 (3d Cir. 2008). With respect to the District Court's application of the obstruction of justice enhancement, we review its factual findings for clear error and exercise plenary review over its legal conclusions. *United States v. Miller*, 527 F.3d 54, 75 (3d Cir. 2008); *see United States v. Grier*, 475 F.3d 556, 570 (3d Cir. 2007) (en banc)

4

("[T]his Court will continue to review factual findings relevant to the Guidelines for clear error and to exercise plenary review over a district court's interpretation of the Guidelines.").

## III.

On appeal, Baynor raises two challenges to his sentence. First, he makes a procedural error argument by asserting that the District Court erred when it applied the obstruction of justice enhancement because its finding that Baynor committed perjury was not supported by the evidence. Second, he makes a substantive reasonableness argument by asserting that his sentence was greater than necessary in light of his medical condition. We will address each argument in turn.

## A.

Baynor asserts that the District Court clearly erred by applying a two-level enhancement for obstruction of justice because the District Court did not make sufficient findings to support the application of the enhancement, nor could it have made such findings based on the record. The Government responds that the record adequately supports the District Court's finding of willful obstruction of justice which justified applying the enhancement.

The relevant section of the Guidelines provides for a two-level enhancement if

> "(A) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (B) the

5

obstructive conduct related to (i) the defendant's offense of conviction and any relevant conduct; or (ii) a closely related offense."

U.S.S.G. § 3C1.1. The commentary to this section further instructs:

> "In applying this provision in respect to alleged false testimony or statements by the defendant, the court should be cognizant that inaccurate testimony or statements sometimes may result from confusion, mistake, or faulty memory and, thus, not all inaccurate testimony or statements necessarily reflect a willful attempt to obstruct justice."

U.S.S.G. § 3C1.1 cmt. n.2. We have explained that "to trigger application of § 3C1.1 on perjury grounds, a defendant must give 'false testimony concerning a material matter with the willful intent to provide false testimony.'" *Miller*, 527 F.3d at 75 (quoting *United States v. Dunnigan*, 507 U.S. 87, 94 (1993)). Although "it is preferable for a district court to address each element of the alleged perjury in a separate and clear finding," it is also sufficient if the district court "makes a finding . . . that encompasses all of the factual predicates for a finding of perjury." *Dunnigan*, 507 U.S. at 95; *see United States v. Boggi*, 74 F.3d 470, 479 (3d Cir. 1996).

At the sentencing hearing, the District Court made an express finding that Baynor had intentionally given material and false testimony at the suppression hearing, and for this reason it determined that the obstruction of justice enhancement should be applied to Baynor. The District Court stated the correct standard for applying the enhancement based on perjured testimony and also correctly noted that the Government had the burden of proving by a preponderance of evidence that the standard was satisfied. The District Court explained that it

6

"considered the entirety of the testimony at the suppression hearing. And, of course, Mr. Baynor's testimony. I've considered the context of his testimony. And, of course, I have specifically considered those portions of the transcript pointed out by the government, highlighting what it believes to be evidence of willful and material misstatements."

The District Court described Baynor's testimony at the suppression hearing on the issue of whether "the contents of the wallet and the wallet had been turned over prior to the gun being produced" as being "quite at odds with the testimony of the officers." Reiterating that it "considered the demeanor of the witness as he testified" and "the context in which he testified," the District Court found that Baynor's "testimony on this particular point was both material, and in so testifying, he did so with the willful intent to provide false testimony."

Although the District Court did not make an express finding that Baynor's testimony was not the product of "confusion, mistake, or faulty memory," it did acknowledge that the test for perjury excludes inaccurate testimony resulting from one of these bases. Thus the District Court's finding that Baynor testified "with the willful intent" to provide material and false statements necessarily forecloses any argument that Baynor's testimony could be explained by reason of one of the excusable grounds. Moreover, while the District Court did not make separate findings for each element of perjury, its finding nonetheless encompassed each of the requisite elements. Our review of the record with respect to this finding does not leave us "with a definite and firm conviction that a mistake has been committed." *United States v. Lessner*, 498 F.3d 185,

199 (3d Cir. 2007). Accordingly, we cannot conclude that the District Court committed any error in applying the two-level obstruction of justice enhancement to Baynor and therefore we reject his argument to the contrary.

B.

Baynor also contends that the District Court imposed an unreasonable sentence by including a term of imprisonment. Baynor argues that, primarily because of his health and need for dialysis, requiring him to serve a term of imprisonment renders the sentence greater than necessary to achieve the purposes of sentencing set forth in 18 U.S.C. § 3553(a) and that the District Court should have sentenced him to home confinement instead. The Government asserts that the District Court carefully balanced Baynor's medical condition and his serious criminal history to arrive at a substantively reasonable sentence that included a variance from the recommended Guidelines range.

We have explained that "[f]or a sentence to be substantively reasonable, a district court must apply the § 3553(a) factors reasonably to the circumstances of the case," and that "[t]he pertinent inquiry is 'whether the final sentence, wherever it may lie within the permissible statutory range, was premised upon appropriate and judicious consideration of the relevant factors.'" *Lessner*, 498 F.3d at 204 (quoting *United States v. Schweitzer*, 454 F.3d 197, 204 (3d Cir. 2006)). "[W]e continue to recognize that 'reasonableness is a range, not a point,'" and we will affirm "[a]s long as a sentence falls within the broad range of possible sentences that can be considered reasonable in light of the § 3553(a)

8

factors." *Wise*, 515 F.3d at 218 (quoting *United States v. Cooper*, 437 F.3d 324, 332 n.11 (3d Cir. 2006)).

The record reflects the District Court's reasonable application of the § 3553(a) factors to the circumstances of this case. The District Court provided a fairly extensive analysis of its consideration of the relevant § 3553(a) factors and carefully explained how Baynor's health factored into its sentencing decision. The District Court noted that although Baynor's health condition was not so severe "as to justify a departure in and of itself," it was "a factor that I'm going to use when I crank all of these various criteria into what I hope and what I believe to be a fair sentence." In addition to highlighting Baynor's poor health, the District Court also discussed Baynor's criminal history in the context of the need to provide adequate deterrence and provide protection to the public when it stated:

> "[B]efore I move on to some of the other considerations, the simple fact of the matter is, this Defendant has a terrible criminal history record. He committed – he was engaged in some troubling activity over a relatively long period of time. But for his present physical condition, I would be giving that significantly more weight than I am right now."

In light of these countervailing considerations, the District Court concluded:

> "You are going to go to prison. You're not going to get home confinement, because I simply don't think, based upon your record and what's happened, what you've done, and the recidivism, that that is in any way appropriate here. I'm going to give you some break. I'm going to give you some break on your advisory Guideline range, driven largely – so the record is clear on this – driven largely by what are serious medical health issues; albeit ones that should be able to be addressed in the prison setting . . . ."

These passages from the sentencing hearing demonstrate that the District Court carefully balanced the § 3553(a) factors in deciding how to fashion a sentence that served the goals of sentencing. The District Court exercised its discretion to grant a variance from the Guidelines sentence in light of Baynor's "serious medical health issues," and although it did not give this mitigating factor the weight that Baynor contends it deserved, disagreement with the weight that the District Court afforded a particular consideration does not suffice to render the sentence unreasonable. *See Lessner*, 498 F.3d at 204 (explaining that a district court's decision not to give the defendant's "mitigating factors the weight that [the defendant] contends they deserve does not render [the] sentence unreasonable"). Here, the District Court fashioned a below-Guidelines sentence based on "appropriate and judicious consideration of the relevant factors," *id.*, and imposed a sentence that was within a range of reasonable options. Therefore we cannot conclude that Baynor's sentence was substantively unreasonable.

IV.

For the foregoing reasons, we will affirm the judgment of the District Court.